IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 2:13-cr-00080-AWA-LRL |
| v. | ) | |
| | ) | |
| LUIS ALBERTO NAVARRO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO TERMINATE APPOINTMENT OF COUNSEL AND PERMIT DEFENDANT TO PROCEED *PRO SE***

COMES NOW Defendant Luis Alberto Navarro, proceeding pro se for purposes of this request, respectfully moves this Court to grant his previously filed request to remove appointed counsel, ECF No. 223, terminate the appointment of the Office of the Federal Public Defender, and permit Defendant to proceed pro se with his pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 217.

On May 4, 2026, the Court appointed the Office of the Federal Public Defender to represent Defendant in connection with his pending motion for compassionate release and directed appointed counsel to file any appropriate amended motion on Defendant's behalf. ECF No. 218. The Court further directed counsel to seek withdrawal if counsel determined that such action was appropriate.

Defendant subsequently determined that he wished to proceed with his compassionate-release request without appointed counsel. On August 14, 2026, Defendant signed and mailed a motion asking that appointed counsel be removed and expressly stating that he wished to proceed pro se. That motion was docketed on August 20, 2026, as ECF No. 223.

On September 24, 2026, appointed counsel filed a Notice, ECF No. 224, acknowledging Defendant's request to remove counsel and his desire to proceed pro se. Counsel further advised the

Court that counsel had not filed the position or amended motion contemplated by the Court's May 4, 2026 Order because Defendant's motion to remove counsel remained pending. Counsel stated that counsel would comply with whatever direction the Court provides upon disposition of Defendant's request.

Defendant respectfully submits that his request is clear and unequivocal. He does not seek substitute appointed counsel, nor does he seek to engage in hybrid representation. He wishes for the appointment of the Federal Public Defender to be terminated so that he may personally prosecute his pending motion for compassionate release and submit such appropriate supplemental filings as the Court permits.

The continued appointment of counsel presently places Defendant in a procedural dilemma. Defendant wishes to proceed pro se, while appointed counsel has advised the Court that counsel is taking no further action pending resolution of Defendant's request. At the same time, while counsel remains attorney of record, Defendant's ability to submit filings on his own behalf may be restricted because courts generally do not permit simultaneous representation by counsel and pro se litigation.

The Fourth Circuit has recognized that a defendant does not possess a right to "hybrid representation" in which both the defendant and counsel simultaneously act as advocates. See, e.g., *United States v. Miller*, 77 F.4th 200, 208 n.10 (4th Cir. 2023); *United States v. Brown,* 983 F.2d 1058 (Table), 1993 WL 7413, at *2 (4th Cir. Jan. 15, 1993). Defendant therefore respectfully seeks an order clarifying his status and permitting him to proceed solely on his own behalf.

Defendant understands that, by proceeding *pro se*, he will be responsible for presenting his own arguments, complying with applicable procedural requirements, and responding to any orders entered by the Court. Nevertheless, Defendant knowingly and voluntarily wishes to proceed without

appointed counsel with respect to his pending compassionate-release proceeding.

Granting Defendant's request will not prejudice the Government and should not cause unnecessary delay. To the contrary, terminating the appointment will resolve the present procedural impasse and allow Defendant's already-pending motion under § 3582(c)(1)(A) to proceed toward disposition.

## CONCLUSION

WHEREFORE, Defendant Luis Alberto Navarro respectfully requests that this Court:

1. GRANT Defendant's pending request to remove appointed counsel, ECF No. 223;

2. TERMINATE the appointment of the Office of the Federal Public Defender and Assistant Federal Public Defender Ann Mason Rigby in connection with Defendant's pending compassionate-release proceeding;

3. PERMIT Defendant to proceed *pro se* with his pending Motion for Compassionate Release, ECF No. 217;

4. DIRECT the Clerk to recognize Defendant as proceeding *pro se* and to serve future orders and filings upon Defendant directly; and

5. GRANT such other and further relief as the Court deems appropriate.

Respectfully submitted,

LUIS ALBERTO NAVARRO
REG. NO. 57509-056
FCI ENGLEWOOD
FEDERAL CORR. INSTITUTION
9595 WEST QUINCY AVENUE
LITTLETON, CO 80123

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I placed a true and correct copy of the foregoing Motion to Terminate Appointment of Counsel and Permit Defendant to Proceed Pro Se in the institutional mailing system, postage prepaid, addressed to the Office of the United States Attorney for the Eastern District of Virginia and to appointed counsel, Assistant Federal Public Defender Ann Mason Rigby.

LUIS ALBERTO NAVARRO
Defendant, *Pro Se*